Wyndmoor Estates, Inc., Appellant, *v.* Tax Claim
Bureau of Montgomery County, Appellee.

Argued April 4, 1974, before Judges CRUMLISH, JR.,
MENCER and ROGERS, sitting as a panel of three.

*Marvin Comisky,* with him *Robert C. Ozer,* and, of
counsel, *Blank, Rome, Klaus & Comisky,* for appellant.

*Alan E. Boroff,* with him, of counsel, *Wisler, Pearl-
stine, Talone, Craig & Garrity,* for appellee.

OPINION BY JUDGE ROGERS, May 7, 1974:

This is an appeal of the owner of real estate from
an order of the Court of Common Pleas of Montgomery

County dismissing the appellant's objections to the return of the County Tax Claim Bureau of the sale of the appellant's property for delinquent taxes and confirming the sale absolute. Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, §607, 72 P.S. §5860.607.

The issue is whether the Tax Claim Bureau mailed the notices required by the Act to be sent to owners whose properties are liened and scheduled for tax sale to the appellant "at [its] last known post office address," as required by sections 308 and 602 of the cited Act, 72 P.S. §§5860.308, 5860.602.

The relevant facts are as follows:

The taxpayer, Wyndmoor Estates, Inc., purchased a 43 acre parcel of land in Abington Township in 1964. Although the tract was physically one, it had been assessed to a former owner as two parcels, one described in the county assessor's tax duplicate as "Acreage SWS Moreland, 500 Moreland Road," assessed at $21,100, and the other as "7A SWS Moreland Road," assessed at $2400. Two tax bills, one for each of the separately assessed but contiguous parcels were sent to Wyndmoor Estates, Inc. for some years thereafter at 6801 Crittenden Street, Philadelphia 19, Pennsylvania.

In early 1968, Montgomery County took by eminent domain 14 acres of Wyndmoor's land, all, it is agreed, being in that portion of the land assessed and recorded in the tax duplicate as "Acreage SWS Moreland, 500 Moreland Road." In connection with the condemnation, correspondence was conducted between an assistant county solicitor and Paul Yermish, Esq., an officer of and counsel for Wyndmoor. Mr. Yermish's mail was addressed to him at his office at 1942 Suburban Station Building, Philadelphia, Pennsylvania.

We are not given the exact date in 1968 when the two bills for local taxes for that year were sent to Wyndmoor[1] at the Crittenden Street address. In any

---

[1] The bills are dated July 15, 1968.

event, they reached Mr. Yermish after the condemnation and he, realizing that the amount of the assessment was the same as in previous years, took the bills with him to Montgomery County on a day in 1968. His purposes were not only to have the assessment of Wyndmoor's property revised to reflect the condemnation of 14 acres but also to provide the taxing authorities with his office address in the Suburban Station Building as the proper address for Wyndmoor and to have the assessments consolidated so that one tax bill might be sent and received. He first visited the office of the tax collector of Abington Township. He was there advised by a clerk that the county assessor was not present in that office. He nevertheless told the clerk that "they were still carrying an old address and they should change it to 1942 Suburban Station Building, Philadelphia." Mr. Yermish then went to the office of the county assessor where he spoke to the assessor concerning the subjects of his visit, and to whom he provided the information that the proper address for the corporation was and should be 1942 Suburban Station Building, Philadelphia. He left both 1968 bills with the assessor.

Some time after his visit to Montgomery County, Mr. Yermish received one bill on which was typewritten the words "CORRECTED BILL."[2] This bill in the amount of $1859.76 described its subject as "Acreage SWS Moreland 500 Moreland" and shows an assessment of $16,400. This compares with the previous assessment of both parcels of $23,500. It seems worth noting that the previous assessment indicates a per acre assessment of about $550 per acre and that the reduction of the assessment by the product of $550 times 14 acres condemned would produce an assessment of

[2] The bill, although a corrected bill, includes a penalty charge of five percent.

$15,800. In any event, Wyndmoor paid the corrected bill on April 7, 1969. Mr. Yermish testified that he believed, based on his conversations with the assessor, that the payment of this bill was for all of Wyndmoor's local tax obligations for 1968. Mr. Yermish received no further information concerning the 1968 bill for the seven acre tract, which according to his testimony was left with the assessor.

Mr. Yermish's testimony concerning his visit to the tax collector and the assessor was not rebutted. It is corroborated by the fact, however, that a corrected bill for 1968 was issued and by the further fact, crucial to this case, that the 1969 duplicate prepared by the assessor and delivered, according to the assessor's testimony, to the tax collector soon after the first of January 1969, gives as Wyndmoor's address, 1942 Suburban Station Building, Philadelphia.

Section 307 of the Real Estate Tax Sale Law requires that claims for delinquent taxes for the preceding year be filed by the local tax collector in the office of the Tax Claim Bureau on or before the first Monday of May. Although the Abington Township tax collector had in his possession the 1969 tax duplicate revealing Wyndmoor's address as 1942 Suburban Station Building and although Wyndmoor had paid a bill for taxes on part of its property in the amount of $1859.76 on April 7, 1969, the tax collector filed a claim for $254.01, the amount due for the 1968 taxes on the seven acre parcel and provided to the Bureau as Wyndmoor's address, 6801 Crittenden Street, Philadelphia 19, Pa. The Tax Claim Bureau sent the notice of the entry of claim required by Section 308 of the Real Estate Tax Sale Law, 72 P.S. §5860.308 to Wyndmoor to the Crittenden Street address on or about July 31, 1969. This was returned to the Bureau undelivered.

The 1970 duplicate prepared by the county assessor also gave Wyndmoor's address as 1942 Suburban Sta-

tion Building. The Tax Claim Bureau nevertheless sent the pre-sale notice required by section 602 of the Real Estate Tax Sale Law, 72 P.S. §5860.602 to Wyndmoor at the Crittenden Street address on or about July 14, 1970. It was not delivered.[3] The sale notice was posted on the property on July 8, 1970.[4]

The seven acres were sold by the Bureau on September 14, 1970 to the appellee in this case for a sum apparently much less than its market value.

We have no difficulty in the circumstances concluding that neither the notice of the entry of the claim of July 1969 nor that of the tax sale of July 1970 was sent to Wyndmoor's last known address. The last known address was 1942 Suburban Station Building, that provided by Mr. Yermish to both the tax collector and the assessor in 1968 and shown on the duplicates delivered in the early part of years 1969 and 1970. The Director of the Tax Claim Bureau used for his notices only the address provided him by the tax collector when the claim was filed. The records of the assessment office were not referred to because as the Director explained, "[w]e have too many properties to get into that before sale time" and "[i]t's the responsibility of the property owners to notify the post office of their whereabouts" and "[w]e have no dealings with the Assessor." By law, it is the Bureau's responsibility to send its notices to the *last* known address. While

---

[3] Counsel for the purchaser at the tax sale argues that the word "refused" hand written on the envelope of this mailing should indicate that someone representing Wyndmoor refused the mailing. This is not a fair inference.

[4] There were no improvements on the property on that date. A house which had been on the property had been burned by the local fire department by arrangements with Mr. Yermish in 1969. A notice from the township health department to Wyndmoor dated March 1969 regarding this dwelling gives as Wyndmoor's address "Mr. Paul Yermish, President, 1250 Suburban Station Building, Philadelphia, Pa. 19103."

as we wrote in *Grace Building Co., Inc. v. Clouser,* 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972), we would not require the Bureau to make "endless searches in street and telephone directories" we also there observed that "where notice of a change of address is patently obvious, the taxing authorities are bound to take cognizance of such information and send notices accordingly." We can think of no more obvious or readily available place to find an address, where, as here, a first notice has been returned, than in the county's own records of the assessment upon which the delinquent taxes were based.

Order reversed; the appellant's exceptions to the return of the Tax Claim Bureau are sustained and the sale of the appellant's property excepted to is hereby set aside.