Grace Building Co., Inc., Appellant, *v.* Chester County Land Corporation, Appellee.

Argued April 4, 1975, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*William J. C. O'Donnell,* with him *O'Donnell & O'Donnell,* for appellee.

OPINION BY JUDGE MENCER, May 27, 1975:

The question presented by this appeal is whether or not a certain tax sale must be set aside because of the alleged failure of the local tax claim bureau to follow the notice provisions of Section 308 and 602 of the

Real Estate Tax Sale Law.[1] The Court of Common Pleas of Chester County held that it must. We affirm.

The relevant facts of this case are as follows. On July 1, 1959, Chester County Land Corporation (Chester) purchased a tract of land in West Bradford Township, Chester County. By an agreement dated July 16, 1962, all of the issued and outstanding stock of Chester was purchased from the estate of one Ivan C. Satow by Penrose Reichman and Ronald H. Reichman. On January 16, 1963, Penrose Reichman sent a letter to the township tax collector and the Chester County Tax Assessment Office advising of the stock transfer and requesting that all future tax bills be forwarded to Penrose Reichman, Box T, Paoli, Pa. On November 21, 1963, Penrose Reichman again sent letters to the above tax entities with the same request for a change of address.

Despite these letters, Chester's tax bills for the year 1964 were mailed by the township tax collector to its former address and not the Paoli address. These bills were returned by the post office with a notation, "Out-of Business." Payment not having been made, the tax collector sent a deliquent tax return to the tax claim bureau. The bureau then forwarded its notice of tax lien and notice of tax sale to Chester at its former address. These notices were returned by the post office with the notations, "Out of Business" and "Deceased." The subject properties were then posted, listed, and advertised for sale and eventually sold to Grace Building Co., Inc. (Grace) on or about October 11, 1966.

Chester discovered, sometime in November 1967, that its property had been sold to Grace and, on December 19, 1967, filed a complaint in equity with the Court of Common Pleas of Chester County. On December 20, 1973, the lower court issued a decree nisi

---

1. Act of July 7, 1947, P. L. 1368, *as amended,* 72 P.S. §§5860.308, 5860.602.

setting aside the October 11, 1966 tax sale to Grace and directing Chester to pay to Grace the price Grace had paid at the tax sale. Grace filed exceptions to the decree nisi, but these were denied and the decree nisi was entered as the final decree of the Court. Grace now appeals to us.

Section 308 reads in pertinent part as follows:

"(a) Not later than the thirty-first day of July of each year, or for the first year a county operates under this act, not later than thirty-first day of October, or whenever, heretofore, any claims have been returned to and a claim entered with the tax claim bureau and the same has not been pursued to sale as provided for by the act of assembly, then within six (6) months after the effective date of this act, *the bureau shall give notice of the return of said taxes and the entry of such claim to each delinquent taxable, by United States registered mail or United States certified mail, return receipt requested, postage prepaid, addressed to the owner personally at his last known post office address.* If the owner of the property is unknown and has been unknown for a period of not less than ten years, such notice shall be given only by posting on the property affected." (Emphasis added.)

Section 602 provides for notice of the tax sale to be given the owner of property by registered mail at least ten days prior to the date of the sale. After reading these sections and the record before us, we have no difficulty concluding that proper notice was not given Chester in the instant case.

As we stated in *Grace Building Co., Inc. v. Clouser*, 5 Pa. Commonwealth Ct. 110, 113-14, 289 A. 2d 525, 528 (1972), "[t]he notice provisions of the tax sale statute must be strictly complied with in order to guard against the deprivation of property without due process of law."

The plain fact is that notice was not sent to Chester at its "last known post office address." The last known

post office address of Chester was the Paoli address listed in the letters sent to the township tax collector and the Chester County Tax Assessment Office on January 16, 1963 and November 21, 1963. The tax claim bureau's notices were *not* sent to this address. This case is controlled by *Grace Building Co., Inc. v. Clouser, supra,* and the case of *Wyndmoor Estates, Inc. v. Tax Claim Bureau of Montgomery County,* 13, Pa. Commonwealth Ct. 475, 319 A. 2d 192 (1974), in which we stated that "where notice of a change of address is patently obvious, the taxing authorities are bound to take cognizance of such information and send notices accordingly."

Grace also argues that, even if we affirm, we should order Chester to repay all real estate taxes paid by Grace since its purchase of the property at the tax sale, in addition to the repayment of the purchase price which the lower court ordered. Unfortunately, there is no evidence in the record showing that Grace paid any taxes on the property in question. Consequently, we cannot order repayment.[2]

Affirmed.

---

2. Counsel for the Reichmans, at the time of oral argument, indicated a willingness to repay Grace all real estate taxes on the property in question paid by Grace since the 1966 tax sale. We assume that his willingness in this regard will not be destroyed by our disposition of this case.