In Re: Tax Claim Bureau of Lehigh County. John P. Thomas *v.* Curtis Building Co., Inc., Appellant.

Argued October 6, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*Alfred O. Breinig, Jr.,* for appellant.

*Donald H. Lipson,* for appellee.

*William F. Kocher, Jr.,* Assistant Solicitor, for Tax Claim Bureau.

OPINION BY JUDGE CRUMLISH, JR., January 12, 1978:

Curtis Building Co., Inc. (Curtis) appeals the decision of the court of common pleas which dismissed its exceptions and objections to the "Consolidated Return for Upset Tax Sale" of the Tax Claim Bureau of Lehigh County (Bureau) filed on October 30, 1975, as supplemented on December 9, 1975. At the same time the court sustained the objections of John Thomas (Thomas) to the consolidated return of October 30. The supplemental return of December 9 amended the original consolidated return by deleting from the list of properties submitted for court confirmation of tax sale a property located at 2145-2153 West Broad Street in Bethlehem. Curtis had purchased the property at an upset tax sale on October 16, 1975. Thomas was the owner of record, having purchased the property from Robart Company (Robart) in July of 1975. The property was to be sold because of Robart's delinquency in the payment of taxes. Thomas claimed to have had no knowledge of the delinquency or impending sale.

This case arises in a dual manner. The supplemental return was filed to amend the original by praying that the court deny entry of a decree absolute for the sale because the statutorily prescribed notice of sale to Robart had been defective. Curtis objected to this supplemental return. Meanwhile, Thomas took exceptions to the original consolidated return.

Bureau had sought to annul the sale of the property because of irregularities in the notice procedures. During the period in which notice was to have been sent by the Bureau, the property in question was owned by Robart but tenanted by the Bobart Company (Bobart). Robart had no function other than ownership of the property. The court found that the notice of claim had been sent to Robart[1] but was received, as shown by the return receipt, by Bobart.[2] Furthermore, the court found that the notice of sale was also sent to Bobart, rather than Robart.[3] Finding that the notice provisions of the applicable statutes[4] had not been strictly complied with, the court held that the upset sale could not be confirmed.

Because we have often held that the "notice provisions of tax sale statutes must be strictly complied with in order to guard against the deprivation of property without due process of law . . . ." *In Re: Sales of Property by Indiana County Tax Claim Bureau,* 22 Pa. Commonwealth Ct. 147, 149, 348 A.2d 440, 442

[1] A notice of claim must be sent pursuant to Section 308 of the Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.308 (Act).

[2] If the notice is "not delivered" to the property owner, the property must be posted pursuant to Section 308(a) of the Act, 72 P.S. §5860.308(a). Posting was not done in this case.

[3] A notice of sale must be sent to the property owner pursuant to Section 601 of the Act, 72 P.S. §5860.601.

[4] See notes 1-3 above.

(1975), if the notice of sale was improperly addressed, the court below correctly held that the sale was invalid. Curtis has made several arguments, but all of them are implicitly based upon the conclusion that the court's finding that the notice of sale was sent to Bobart, not Robart, was erroneous and contrary to the weight of the evidence.

We cannot agree. After a careful examination of the record, we find ample evidence to support the decision of the court below. Although evidence was introduced that supported a finding that notice had been correctly sent to Bobart, there was also much evidence to the contrary. For example, the return receipt received by the Bureau was signed by Bobart. Moreover, a post office official testified that the best evidence of to whom the notice was sent is Post Office Form 3849, which is filled out by a mailman when he delivers a certified or registered letter. This form indicated that notice had been addressed to Bobart, not Robart. There was also evidence that official records of the Bureau had been tampered with, leaving certain of its testimony as to its usual procedures suspect.[5]

It is axiomatic that a reviewing court does not determine the weight to be accorded conflicting testimony nor pass upon the credibility of witnesses. That is the exclusive function of the fact-finder. Thus, absent manifest error, we are bound by the lower court. *Leibowitz v. Ortho Pharmaceutical Corp.,*

---

[5] One of the contested issues in this case was whether the notices had been sent to "addressee only." The Bureau testified that it was its usual practice to do so. A photostated copy of the return receipt made several weeks before the trial showed that the box on the receipt stating "deliver to addressee only" had not been checked. When the original of the receipt was introduced in court, the box was checked. The inference of tampering was clear.

224 Pa. Superior Ct. 418, 429, 307 A.2d 449, 456 (1973).

Therefore, we must affirm. Because of the above holding, we do not reach the other contentions raised by appellant and appellee.

Accordingly, we

ORDER

AND Now, this 12th day of January, 1978, the decision and order of the Court of Common Pleas of Lehigh County is hereby affirmed.