**In re Wolpaw**

*Bruce M. Johnson,* for petitioner.
*Robert B. Dornhaffer,* for Tax Claim Bureau.
*John Fuller,* for tax sale purchaser.

WALKER, *J.,* July 10, 1979—Karanne F. Wolpaw acquired title to a parcel of land in South Shenango Township, Crawford County, Pa., by deed of Michael Robert Pavelek dated April 22, 1976 and recorded May 28, 1976 in the office of the Recorder of Deeds of Crawford County, Pa., in Deed Book 499, page 853. The precise residence of the grantee was shown on that deed as 2416 Derbyshire Road, Cleveland, Ohio 44106. On March 28, 1977, Karanne F. Wolpaw moved to 2956 West Park Boulevard, Cleveland, Ohio 44120, and her husband at that time filed with the United States Post Office Department an appropriate change of address form which, under the regulations of the United States Postal Service, was good for a period of one year. The tax notice for the 1976 taxes was mailed to Pavelek, the former owner. Tax bills for 1977 and 1978 were mailed to Karanne F. Wolpaw at 2416 Derbyshire Road, Cleveland, Ohio, but showing an incorrect zip code of 44100 rather than 44106. Apparently a typographical error had been made when the transfer was processed on the books of the assessor's office and carried over on the tax duplicates.

On July 15, 1977, a notice of tax claim for 1976 taxes which had been assessed to Pavelek was mailed to Karanne F. Wolpaw at 2416 Derbyshire Road, Cleveland, Ohio 44100, by certified mail, return receipt requested. This notice was returned to

the Crawford County Tax Claim Bureau as "Unclaimed, Cleveland, Ohio 44106." This would indicate that the error in the zip code had no bearing on the failure to deliver the letter since the Cleveland Post Office stamped it with the proper zip code. There is no explanation, however, as to why this notice was not delivered since at that time there was a valid change of address form on file with the United States Postal Service at Cleveland, Ohio. On May 24, 1978, a notice of sale for unpaid 1976 taxes was mailed to Karanne F. Wolpaw at the Derbyshire Road address and this too was returned to the sender as "Not deliverable as addressed, no forwarding order on file." By this time, of course, the original forwarding notice had expired since the one year limit had elapsed. On July 5, 1978, a notice of the tax claim for the year 1977 was forwarded to the same address by certified mail and this too was returned as not deliverable.

On September 11, 1978, after appropriate legal advertising and posting, the Wolpaw property was exposed to sale and sold to Albert J. Kever, Espyville, Pa., for a total price of $2,712.85.

The director of the Crawford County Tax Claim Bureau made a return of sale on November 3, 1978, and the return was confirmed nisi on the same date. On January 2, 1979, Karanne F. Wolpaw filed a petition for appeal setting forth various objections to the sale based on lack of notice. Both Karanne Wolpaw and her husband testified that they had not received any tax bills of any kind in relation to this property. Ivan Wolpaw, the husband of Karanne F. Wolpaw, testified that about July or August of 1978, it occurred to him that he should have received a tax notice and discussed this matter briefly with Crawford County counsel since they were in the

process of trying to sell the property. On January 3, 1979, on motion of the county solicitor, the sale of the Crawford County Tax Claim Bureau for 1978 was confirmed finally with the exception of the sale here under consideration which was specifically deleted from the county solicitor's motion.

Counsel for Albert J. Kever, the tax sale purchaser, raises a procedural question that no objections or exceptions have been filed to the return of the sale and that the "Petition for Appeal" is without statutory authority. While it might have been better had the original owner of the property filed a document entitled "Exceptions," we believe this is a matter of technical form and not of substance. The modern trend is to ignore technical defects in order to get to the substance of the controversy. Pa.R.C.P. 126 provides that: "The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Of similar import is section 708 of the Judicial Code, 42 Pa.C.S.A. §708. Therefore, we will treat the petition for appeal as objections or exceptions. They were filed timely within the sixty-day period following the confirmation nisi.

In Hess v. Westerwick, 366 Pa. 90, 98, 76 A. 2d 745 (1950), the Pennsylvania Supreme court said: "The purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes." See also Ross Appeal, 366 Pa. 100, 76 A. 2d 749 (1950). "The notice provisions of tax sale statutes must be strictly complied with in order to guard against the deprivation of property without due process of law." In Re: Sale of Properties by Indiana County Tax Claim Bureau, 22 Pa. Commonwealth

Ct. 147, 149, 348 A. 2d 440, 442 (1975). There, although the notice of sale had actually been received by the owner, the property had not been posted in accordance with the statute and the sale was set aside. See also Thomas v. Curtis Building Co., Inc., 33 Pa. Commonwealth Ct. 263, 381 A. 2d 511 (1978).

The Real Estate Tax Sale Law of July 7, 1947, P.L. 1368, 72 P.S. §5860.101 et seq., provides for two separate notices. The first notice under 72 P.S. §5860.308 is the notice of entry of the tax claim with the tax claim bureau. The statute requires notice to

"each delinquent taxable, by United States registered mail or United States certified mail, return receipt requested, postage prepaid, addressed to the owner personally at his last known post office address . . . If no post office address of the owner is known or if a notice mailed to an owner at such last known post office address is not delivered to him by the postal authorities, then notice as herein provided shall immediately be posted on the property affected."

Such a notice was mailed to Karanne F. Wolpaw in accordance with the statute on July 15, 1977. No such notice was apparently posted on the premises after the return of the mailed notice as required by the statute. A notice of the sale itself must be given in accordance with 72 P.S. §5860.602. This section requires a published notice in newspapers of general circulation and a legal journal, mailed notice by certified mail, return receipt requested, and restricted to delivery to the addressee, and by posted notice. The return of sale indicates that all of these notices were given in accordance with the statute.

The question before us, then, is whether the failure to post notice of the entry of the tax claim when the mailed notice was returned is a fatal defect as to the sale. Both sides have argued that the burden of establishing the lack of such posted notice is on the other. In our opinion the lack of such posted notice is apparent on the face of the return of the Crawford County Tax Claim Bureau. The tax claim in each instance is attached to the return of sale along with the notice of sale. On the reverse side of both the tax claim and the notice of sale is a form of affidavit relating to the posting of the premises. In each case the posting of the sale notice is established by an affidavit by the Director of the Crawford County Tax Claim Bureau setting forth the date and time of posting. In no case, including the Wolpaw property, is there any completed affidavit regarding posting even though the space and form is provided for such affidavit. It would, therefore, appear from the face of the record that no such posting was undertaken.

Further, section 308(c) of the Real Estate Tax Sale Law, 72 P.S. §5860.308(c), provides: "Notice given in the manner provided by this section shall constitute proper service on the owner. A statement in the claim entered that due notice of the same was given shall be conclusive evidence that notice was given as required by law." No such statement appeared on the claim as entered in this case. Therefore, the Tax Claim Bureau is not entitled to what is an apparently conclusive presumption that the notice was given as required by law. We, therefore, conclude that no notice of the filing of the tax claim was posted on the premises.

In Patterson v. Oakes, 260 Pa. Superior Ct. 415, 394 A. 2d 995, 997 (1978), our Superior Court said: "For 200 years our courts have ruled that notice

provisions of a tax sale statute must be strictly complied with in order to guard against a deprivation of property without due process of law."

In In Re: Return of Tax Sale by Indiana County Tax Claim Bureau v. Clawson, 39 Pa. Commonwealth Ct. 492, 498, 395 A. 2d 703 (1979), the Commonwealth Court said:

"[S]ome opinions in this field seem to read these statutes as imposing duties on the owners of real estate to keep the Tax Claim Bureau or other agency in charge of delinquent tax sales informed of their last post office address. It is true that owners who persistently fail to pay their taxes and who change their residences without notice to local tax authorities risk losing their properties. The statutes, however, impose duties, not on owners, but on the agencies responsible for sales; and such of those duties as relate to the giving of notice to owners of impending sales of their properties must be strictly complied with. Grace Building Co. v. Clouser, 5 Pa. Commonwealth Ct. 110, 289 A. 2d 525 (1972). Hence, the inquiry is not to be focused on the neglect of the owner, which is often present in some degree, but on whether the activities of the Bureau comply with the requirements of the statute."

Where, as in this case, the requirements of service of the notice of sale were complied with, is the failure to comply with the requirements of notice of the tax claim, a fatal defect? We have found no cases squarely in point. In Wyndmoor Estates, Inc. v. Tax Claim Bureau of Montgomery County, 13 Pa. Commonwealth Ct. 475, 319 A. 2d 192 (1974), the court found that neither the notice of entry of the claim nor the notice of the tax sale had been sent to

the proper last known address and at least implied that both notices were essential. In Merchants National Bank of Allentown v. Chevy Chase Investment Co., Inc., 40 Pa. Commonwealth Ct. 159, 162, 397 A. 2d 836 (1979), the argument was apparently made that a proper notice under section 602 cured a defective notice under section 308. The court, however did not reach the point of deciding that question saying:

"[T]he tax sale purchaser contends that proper notice of the sale under Section 602 of the Law, 72 P.S. §5860.602, cures a defective Section 308 notice and that the Tax Claim Bureau did all that was required of it, under the circumstances, to comply with Section 602. We cannot find the Section 602 notice to be valid on these facts."

The purpose of notice of filing of the claim is to give the taxpayer an opportunity to take exception to the claim or to redeem the property within certain time limits as set forth in section 308 of the act. Only after the claim has become absolute and has not been redeemed can the property be sold. 72 P.S. §5860.601 provides for the sale of property "where claims have been validated in accordance with the provisions of this act." Thus it would appear that if a claim has not been validated by appropriate statutory notice thereof, no valid sale could be held on the claim.

One final matter should have our attention. Section 607 of the Real Estate Tax Sale Law, 72 P.S. §5860.607(g), provides in part:

"If no objections or exceptions are filed or where objections or exceptions are finally overruled and the sale confirmed absolutely, the validity of the

tax, its return for nonpayment, the entry of the claim, or the making of such claim absolute and the proceedings of the bureau with respect to such sale, except as to the giving of notice as required by the act, or the time of holding the sale, or of petitioning court for an order of sale shall not thereafter be inquired into judicially in equity or by civil proceedings . . ."

Even, therefore, if there had been an absolute confirmation, the question of defective notice could have been raised. However, other objections would have been foreclosed. Here the sale has not been finally confirmed. Under the former treasurer sale proceedings, final confirmation foreclosed most attacks. See Thompson v. Frazier, 159 Pa. Superior Ct. 395, 48 A. 2d 6 (1946). In Wilkes-Barre v. Luzerne County Tax Claim Bureau, 4 D. & C. 2d 399 (1955), the court said:

"Section 608 [sic] of the Act of July 7, 1947, supra, 72 PS §5860.607, provides for the invalidation of a sale made by the tax bureau if objections filed to the same are sustained. By reason of the requirement that any sale made is subject to confirmation by the court it seems clear that until the confirmation of the sale the purchaser is in effect a mere preferred proposer . . . Confirmation renders the sale no longer executory, but executed. The bidder becomes a purchaser and is thereafter regarded as an equitable owner of the property . . ." (Citations omitted.)

Since the instant sale has not been confirmed finally and since the notice given under section 308 was defective, the tax sale must be set aside.

## ORDER

And now, July 10, 1979, the objections of Karanne F. Wolpaw to the sale of property owned by her in South Shenango Township, Crawford County, Pa., by the Crawford County Tax Claim Bureau are sustained and the sale of said property to Albert J. Kever is set aside. If all taxes, penalties and costs assessed against the property are not paid within 30 days of final judgment herein, the Crawford County Tax Claim Bureau may proceed forthwith to resell the property in accordance with the provisions of section 607(e) of the Real Estate Tax Sale Law.