## Preston v. Erie County Tax Claim Bureau

*Gregory L. Heidt,* for petitioner.
*I. John Dunn,* for respondent.

CARNEY, *P.J.*, March 10, 1980—At issue in this case is the validity of a notice of delinquent taxes for 1976 and notice of a 1978 tax sale given to John Preston, owner of two parcels of real estate located in Harborcreek Township, Erie County, Pa., bearing index numbers 27-975-23-8 and 27-075-230-9. The parties have stipulated that all tax bills, delinquent notices, and notices of sale were mailed to Mr. Preston at 2118 Alameda Avenue, Sarasota, Fla. In addition, they have agreed that notices of sale were posted on the parcels and the sales were legally advertised. The parcels were sold for delinquent 1976 taxes on September 11, 1978 for the price of $525 and $1,425 respectively.

Pursuant to Mr. Preston's petition to set aside the tax sale we held a hearing on October 1, 1979. At that time Mr. Preston testified that he presently resides at Route 8, P.O. Box 520B, Fort Myers, Fla. Mr. Preston has resided at the present address since approximately February, 1979.

On March 29, 1976 Mr. Preston was in Erie County to pay taxes on the two parcels in question. He went to the Harborcreek Tax Collector who advised him that any delinquent taxes would have to be paid at the tax claim bureau. On the same day Mr. Preston went to the bureau office and paid his delinquent taxes. This fact is corroborated by receipts from the bureau showing a payment on that date. While making this payment Mr. Preston noticed that the bureau had his address as 2118 Alameda Avenue, Sarasota, Fla. He informed the clerk that his address at the time was Route 8, P.O. Box 127, Fort Myers, Fla. Mr. Preston had lived at that address since January, 1976 and then moved to his present address. Mr. Preston left the bureau office thinking he had nothing further to do to

change his address. He did not report his address change to the assessor's office.

The bureau clerk, Heidi Hill, verified the payment of taxes on March 29, 1976 but did not have any independent recollection of any conversation with Mr. Preston. Ms. Hill testified that the bureau's practice in accepting a change of address was to refer the property owner to the assessment office.

The notices of delinquent taxes and the notices of a tax sale were returned to the bureau after being mailed to the Sarasota address. Mr. Preston contends that the sale of both parcels should be set aside because of improper notice.

To protect the interest of the tax sale purchasers this court previously ordered on December 5, 1979 that notice of these proceedings be given to the purchaser and that they be allowed 30 days to intervene. Notice has been given with proof filed of record, but no intervention has been sought. We thus proceed to the merits of this petition.

The Real Estate Tax Sale Law of July 7, 1947, P.L. 1368, as amended, 72 P.S. §5860.101 et seq., provides in part:

"§5860.308 Notice of filing of returns and entry of claim

"(a) Not later than the thirty-first day of July of each year, or for the first year a county operates under this act, not later than the thirty-first day of October, or whenever, heretofore, any claims have been returned to and a claim entered with the tax claim bureau and the same has not been pursued to sale as provided for by the act of assembly, then within six (6) months after the effective date of this act, the bureau shall give notice of the return of said

taxes and the entry of such claim to each delinquent taxable, by United States registered mail or United States certified mail, return receipt requested, postage prepaid, addressed to the owner personally at his last known post office address. If the owner of the property is unknown and has been unknown for a period of not less than ten years, such notice shall be given only by posting on the property affected. In the case of a mobilehome or house trailer subject to real property tax, a copy of such notice shall at the same time and in like manner be sent to the encumbrance holders of record. If no post office address of the owner is known or if a notice mailed to an owner at such last known post office address is not delivered to him by the postal authorities, then notice as herein provided shall immediately be posted on the property affected. . . .

"§ 5860.602 Notice of sale

"Prior to any scheduled sale the bureau shall give notice thereof, once a week for three (3) consecutive weeks in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (a) the purposes of such sale, (b) the time of such sale, (c) the place of such sale, (d) the terms of the sale including the approximate upset price, (e) the descriptions of the properties to be sold as stated in the claims entered, each description commencing with

Name of Owner

‘ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ’

## Description

"Where the owner is unknown and has been unknown for a period of not less than ten years, the name of the owner need not be included in such description. . . .

"In addition to such publications, similar notice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act and by posting on the property. . . .

"No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section. . . ."

This case epitomizes that legal axiom "hard cases make bad law." There is the tug of competing principles and equities. In interpreting and applying the above notice provisions of the act our appellate courts have required strict compliance: Ross Appeal, 366 Pa. 100, 76 A. 2d 749 (1950); Grace Building Co., Inc. v. Clouser, 5 Pa. Commonwealth Ct. 110, 289 A. 2d 525 (1972). On the other hand the taxing authority has no statutory duty to search out and find taxpayers: Clouser, supra. The taxpayer has a duty and responsibility to pay his taxes and it is incumbent upon him to notify the taxing authorities of a change of address: Ibid.

Because the testimony is corroborated by the record of payment, we accept Mr. Preston's testimony that he orally told the bureau of his existing address as of March 29, 1976, when paying prior delinquent taxes. We fail to sympathize with Mr. Preston be-

cause he allowed 1977 and 1978 to pass without receiving any tax bills and yet he took no further steps to notify taxing authorities of his current address.

On the other hand, the aforecited statutory provisions impose upon the tax claim bureau the obligations to give proper notice of any delinquency lien and sale by mail to the "last known post office address."

In Wyndmoor Estates, Inc. v. Tax Claim Bureau of Montgomery County, 13 Pa. Commonwealth Ct. 475, 319 A. 2d 192 (1974), the court set aside a tax sale because of improper notice. The taxpayer's attorney advised both the township tax collector and the county assessment office of a change of address. Indeed the assessor mailed a corrected bill and the ensuing year's bill to the new address. Nevertheless, the tax claim bureau sent the required notices to the old address. The court concluded as follows, 13 Pa. Commonwealth Ct. at 479-80, 319 A. 2d at 194:

"We have no difficulty in the circumstances concluding that neither the notice of the entry of the claim of July 1969 nor that of the tax sale of July 1970 was sent to Wyndmoor's last known address. The last known address was 1942 Suburban Station Building, that provided by Mr. Yermish to both the tax collector and the assessor in 1968 and shown on the duplicates delivered in the early part of years 1969 and 1970. The Director of the Tax Claim Bureau used for his notices only the address provided him by the tax collector when the claim was filed. The records of the assessment office were not referred to because as the Director explained, '[w]e have too many properties to get into that before sale time' and '[i]t's the responsibility of the property

owners to notify the post office of their where-abouts' and '[w]e have no dealings with the Assessor.' By law, it is the Bureau's responsibility to send its notices to the *last* known address. While as we wrote in Grace Building Co., Inc. v. Clouser, 5 Pa. Commonwealth Ct. 110, 289 A. 2d 525 (1972), we would not require the bureau to make 'endless searches in street and telephone directories' we also there observed that 'where notice of a change of address is patently obvious, the taxing authorities are bound to take cognizance of such information and send notices accordingly.' We can think of no more obvious or readily available place to find an address, where, as here, a first notice has been returned, than in the county's own records of the assessment upon which the delinquent taxes were based."

See also Grace Building, Co., Inc. v. Chester County Land Corporation, 19 Pa. Commonwealth Ct. 269, 339 A. 2d 161 (1975).

The Wyndmoor case is both harmful and helpful to Mr. Preston. Granted Mr. Preston did not give written notice of his address change to the assessment office. However, he did give oral notice to the very office—the tax claim bureau—which might someday have to exercise its statutory obligation to send delinquency notices and notices of sale to the last known address. We find nothing in the case law which requires Mr. Preston to advise the bureau in writing of a change of address.

Balancing the drastic consequences of a tax sale, the divesting of a person's real estate by the taxing authority against the competing shortcomings of both Mr. Preston and the bureau, we believe the equities favor Mr. Preston. He should have been able to rely upon the bureau to note his change of

address and not pass him off to the assessment office inasmuch as the bureau may have essential use for the new address. Having found as a fact that Mr. Preston gave the bureau his change of address, the plain fact is that the bureau did not send the required notices to the "last known post office address."

We find this case distinguishable from Grace Building Co., Inc. v. Clouser, supra. There the court reversed the lower court's setting aside of the tax sale. The taxpayers had notified the appropriate post office and township tax collector of their first move, but no other governmental office. Thus, the bureau had no knowledge of any address change and mailed the delinquency tax notices to the old address. While the post office forwarded these notices to the new post office, they were ultimately returned to the bureau marked unknown. In the instant case the bureau had notice of a change of address which was a current address as of 1978 when the present lien notices and sale notices were mailed.

## ORDER

And now, March 10, 1980, for the reasons set forth above, the tax sale of parcels above described on September 11, 1978, is hereby vacated, and title shall revert to petitioner herein.