## Rinnier v. Tax Claim Bureau of Delaware County

*Paul F. D'Emilio,* for petitioners.

*James E. Delbello,* for respondent Tax Claim Bureau.

*Michael P. Dignazio,* for respondent Yvonne Vest.

DIGGINS, *J.,* March 27, 1989—On October 3, 1988, this court heard this matter and directed that respective counsel file briefs. This case involves a petition to set aside a tax sale.

The facts, while being somewhat complex, can best be described as follows:

(1) On July 26, 1984, petitioner Michael F. Rinnier purchased a residential property in the city of Chester.

(2) On September 28, 1987 the Tax Claim Bureau exposed the property for sale because of unpaid back taxes.

(3) At the tax sale, respondent Yvonne Vest was the successful bidder on the property with a bid of $3,800.

(4) On November 27, 1987 the consolidated return was filed and a decree nisi was entered.

(5) On December 22, 1987 petitioner Rinnier conveyed the property to petitioner Connelly for $13,000.

(6) On January 12, 1988 the sale of the property to Mrs. Vest was confirmed to decree absolute.

(7) On August 4, 1988 the petitioners joined to petition this court to set aside the sale claiming defective notice to Rinnier.

Thus, the issues to be determined by the court are (1) whether the notice given to petitioner was defective and (2) whether or not the sale should be set aside.

The procedure to be used is set down in 72 P.S. §5860.602. The procedure requires that the Tax Claim Bureau publish the notice of sale in two newspapers of general circulation and the legal

journal. Further the Tax Claim Bureau is required to determine the last known post office address to said collector and county assessment office.

The record reflects that the Tax Claim Bureau took the following action:

(1) On August 28, 1987 a 30-day notice, certified mail, return receipt requested, was mailed to Michael F. Rinnier at 128 East 22d Street, Chester, the property address.

(2) On August 26, 1987, advertisement was placed in the News of Delaware County.

(3) On August 28, 1987, advertisement was placed in the Delaware County Daily Times and the Delaware County Legal Journal.

(4) On September 18, 1987, a 10-day notice was mailed to Michael F. Rinnier at 128 East 22d Street, Chester, the property address.

Additionally, the act calls for the Tax Claim Bureau to determine the last known address of the owner if the certified mail is returned unclaimed. It is uncontradicted that Mr. Rinnier did not receive any of the certified mail sent by the Tax Claim Bureau as all such mail was returned unclaimed.

Further, petitioner presented evidence by Leroy Joseph Franklin from the Engineer's Office in the City of Chester who testified that the property registration form filed with his office contained a notation to mail tax bills to 5000 State Road, Drexel Hill, Pennsylvania.

It is clear to this court that no tax bills were ever sent to petitioner's address as required. Further no notices were sent to petitioner's office address. Also petitioner testified that he never lived at the property in Chester.

We find this case to be controlled by the Commonwealth Court's decision in *Merchants National Bank v. Chevy Chase Investment Co.,* 40 Pa.

Commw. 159, 397 A.2d 836 (1979) in which the court held "the bureau has no statutory duty to search out and find taxpayers liable for real estate taxes" such as by following up "statutory notice with endless searches in street and telephone directories," *Grace Building Co. Inc. v. Clouser,* 5 Pa. Commw. 110, 114-5, 289 A.2d 525, 528 (1972). Nevertheless, "where notice of a change of address is patently obvious, the taxing authorities are bound to take cognizance of such information and send notices accordingly." *Wyndmoor Estates v. Tax Claim Bureau of Montgomery County,* 13 Pa. Commw. 475, 480, 319 A.2d 192, 194 (1974), citing *Grace Building, supra.*

In the instant action, petitioner had given proper notice to the taxing authorities as to where the tax bills were to be mailed. The Tax Claim Bureau cannot just ignore this information and send the notices to the property.

While we are aware that our courts have held that a tax sale which is confirmed and acknowledged in open court acquires a presumed validity, see *Northrup v. Pennsylvania Game Commission,* 73 Pa. Commw. 389, 458 A.2d 308 (1983), we are bound by the language of the statute in 72 P.S. §5860.607(g). The legislature wrote:

"If no objections or exceptions are filed or if objections or exceptions are finally overruled and the sale confirmed absolutely, the validity of the tax, its return for non-payment, the entry of the claim, or the making of the claim absolute and the proceedings of the bureau with respect to such sale, shall not thereafter be inquired into judicially in equity or by civil proceeding by the person in whose name such property was sold, by a grantee or assignee, by

any lien creditor or by any other person, *except* with respect to the giving of *notice* under the act . . ." (emphasis supplied)

Here, the fact that notice was not properly given leaves this court no alternative, save setting aside the sale.

For all of the above reasons, we enter the following

## ORDER

And now, March 27, 1989, after hearing testimony and review of briefs submitted by respective counsel, it is hereby ordered and decreed that:

(1) The tax sale of September 28, 1987 as far as it related to 128 East 22d Street, Chester, Pa. is set aside.

(2) The Tax Claim Bureau of Delaware County shall return to Yvonne Vest the purchase price of $3,800.

(3) The deed issued by the Tax Claims Bureau of Delaware County to Yvonne Vest is declared null and void.