Chester N. Feagley, Edwin Mansberger, Harry E. Corbin, Robert Porter, Jean Mayhue, Maxine Streightiff and Betty Radtke, Appellants, *v.* Huntingdon County Planning Commission; Redevelopment Authority of the County of Huntingdon; Board of Supervisors of the Township of Smithfield; County of Huntingdon, Commonwealth of Pennsylvania; Smithfield Planning Commission; Board of County Commissioners of Huntingdon County, Appellees.

Argued December 3, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*R. Merle Heffner*, for appellants.

*Scot D. Gill*, with him *A. Lynn Corcelius* and *Henry, Corcelius, Gates & Gill*, for appellees.

OPINION BY JUDGE WILKINSON, December 23, 1974:

The Huntingdon Valley Planning Commission and the Redevelopment Authority of the County of Huntingdon developed a Redevelopment Proposal (proposal) for an area comprising a portion of Smithfield Township, Huntingdon County. This proposal, consisting of

an Urban Renewal Plan (Part I) and a Redevelopment Area Plan (Part II), was submitted to the Huntingdon County Commissioners, the governing body. A public hearing upon the proposal was fixed and notice of the time, place and purpose of the hearing, scheduled for June 14, 1973, was published in a newspaper of general circulation in the area, on May 19, 22 and 29, 1973. It is not contested that this proposal was available for public inspection from and after May 19. In addition, on or about June 7, 1973, an Application for Loan and Grant was also submitted for approval. This application was for federal funding assistance.

In the action below, appellants claimed that the proposal did not meet the requirements of subsections (c)(7), (c)(9), (e) and (g) of Section 10 of the Urban Redevelopment Law, Act of May 24, 1945, P. L. 991, *as amended,* 35 P.S. §1710, (Act), and sought to enjoin appellees from proceeding until such time as they complied with the Act. The lower court, after a hearing, denied the injunction and appellants appeal here, raising the same points. We agree with the able joinion of Judge TERRIZZI of the court below and therefore affirm that court's decision.

Section 10(c)(7) of the Act requires that the proposal shall include: "A statement of the extent and effect of the rehousing of families which may be made necessary from the redevelopment area plan, and the manner in which such rehousing may be accomplished." Appellant claims that the proposal did not comply with this requirement because it did not set forth a complete relocation plan. The Act, however, does not require a complete relocation plan but rather a "statement." Part II, Section 7 of the proposal states that the Redevelopment Authority will assist in rehousing and that those needing rehousing will be relocated into private sales housing, private rental housing, and low rent public housing. Furthermore, the newspaper ad-

vertisements and the redevelopment proposal, by reference to the maps attached to the proposal, gave sufficient notice to the public as to who would be required to relocate. The fact that there was not a breakdown of the exact number of persons to be relocated into these various types of housing did not prejudice appellants. It is true that a detailed relocation plan appeared in the grant application which was not available to the public until June 7, but this fact is not proof that the information contained in the redevelopment proposal was inadequate.

Appellants next claim that the requirements of subsection (c) (9) were not met in that there is not a sufficient statement of what continuing controls may be needed to effectuate the purposes of the Act. A review of the entire proposal, particularly Part II, Sections 9 and 3, and Part I C, shows that the proposed controls and duration thereof are set forth with sufficient specificity to meet the requirements of the Act.

Appellants' main contention is that the advertising of the public hearing did not comply with subsection (g) which requires that notice of the hearing "shall be published at least once each week for three consecutive weeks . . . ." Appellants cite Section 1909 of the Statutory Construction Act of 1972, 1 Pa. S. §1909, for the requirement that at least five days must elapse between each advertisement, and since five days did not elapse between May 19 and May 22, the advertising was faulty. Appellees argue that Section 1909 of the Statutory Construction Act of 1972, and its predecessor, Section 39 of the Act of May 28, 1937, P. L. 1019, specifically refer to "successive weeks," whereas the requirement of the Act in question refers to "consecutive weeks," and therefore the five-day requirement does not apply here. Appellees further argue that since the language of subsection (g) is clear and unambig-

uous, there is no need to resort to the rules of statutory construction. The court below agreed with appellees, citing *Eck v. Williamsport School District*, 197 Pa. Superior Ct. 591, 180 A. 2d 79 (1962). We agree that that decision, amply supported by Judge WOODSIDE'S opinion, is controlling.

Finally, appellants have alleged that appellees acted in an arbitrary, capricious manner. However, they presented no evidence to substantiate this position, but rather have relied upon the alleged failure to comply with certain statutory requirements.

Having thoroughly considered all of appellants' arguments as presented in their brief and at oral argument, and finding them to be without any substantial merit, we affirm the order of the court below denying the petition for injunction.