The Merchants National Bank of Allentown *v.* Chevy Chase Investment Co., Inc. Appeal of: Lawrence Marra. Lawrence Marra, Appellant.

The Merchants National Bank of Allentown *v.* Northampton County Tax Claim Bureau and Lawrence Marra. Appeal of: Lawrence Marra. Lawrence Marra, Appellant.

Argued September 28, 1978, before Judges MEN-CER, BLATT and CRAIG, sitting as a panel of three.

*Philip D. Lauer*, for appellant.

*F. Paul Laubner*, for appellees.

OPINION BY JUDGE CRAIG, January 26, 1979:

The case at No. 35 T.D. 1977 is a mortgage fore-closure action in which the mortgagee, The Merchants National Bank of Allentown (Bank), obtained a de-fault judgment against Chevy Chase Investment Co., Inc. A writ of execution was issued and judicial sale

of the premises scheduled for December 5, 1975. At a tax sale held between the issuance of the writ and the pending judicial sale, Lawrence Marra purchased those same premises. Marra then intervened by petition to set aside the execution and stay the judicial sale.

The bank filed objections to the tax sale (No. 36 T.D. 1977). The Court of Common Pleas of Northampton County sustained those objections, set aside the sale, and concurrently disposed of No. 35 by dismissing the intervenor's petition. This appeal followed.

The court found that the tax sale was invalid because the Northampton County Tax Claim Bureau (Bureau) failed to comply with the notice provisions of Sections 308 and 602 of the Real Estate Tax Sale Law (Law).[1]

We agree.

The important facts can be briefly summarized. Chevy Chase repurchased from Lewis and Marilyn Dahms an improved parcel of real estate located in a subdivision originally purchased by Chevy Chase in 1969. At that time, November of 1973, Chevy Chase, by a duly recorded deed, became record owner of the parcel.

On July 12, 1974, the Bureau mailed to the prior owners, the Dahms, a notice of the entry of a claim for delinquent 1973 school real estate taxes in the amount of $20.48. This notice was returned undelivered.

The Bureau mailed the second notice, notice of the impending tax sale, in September of 1975 to the correct owner, Chevy Chase, but to a Whitehall Township

---

[1] The Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860. 308, 5860.602.

address which had not been the corporation's mailing address for well over a year. Because the post office forwarding period had expired, this notice was also returned undelivered.

To finance its repurchase, Chevy Chase had given the bank a purchase money mortgage in the amount of $14,100. When Chevy Chase defaulted on its mortgage payment in September of 1974, the bank commenced foreclosure proceedings and at the same time telephoned the local tax collector and inquired as to taxes owing on the property. The collector forwarded the current tax bills for 1974 to the bank, which promptly paid them. However, the outstanding 1973 bill was not forwarded, was never paid, and that delinquency eventually resulted in the instant sale.

The Tax Claim Bureau mailed the delinquency return notice and claim notice to the Dahms over 8 months after Chevy Chase recorded its deed to this property. Appellant, the tax sale purchaser, does not object to treating Chevy Chase, the record owner at that point, as "owner" under Section 308 of the Law, 72 P.S. §5860.308.

Instead, the tax sale purchaser contends that proper notice of the sale under Section 602 of the Law, 72 P.S. §5860.602, cures a defective Section 308 notice and that the Tax Claim Bureau did all that was required of it, under the circumstances, to comply with Section 602.

We cannot find the Section 602 notice to be valid on these facts. This case is too similar to *Wyndmoor Estates, Inc. v. Tax Claim Bureau of Montgomery County*, 13 Pa. Commonwealth Ct. 475, 319 A.2d 192 (1974) and *Ross Appeal*, 366 Pa. 100, 76 A.2d 749 (1950), for us to conclude otherwise.

Section 602 requires that notice of the tax sale be sent to the owner "at [its] last known post office address."

Although "[t]he Bureau has no statutory duty to search out and find taxpayers liable for real estate taxes" such as by following up "statutory notice with endless searches in street and telephone directories," *Grace Building Co., Inc. v. Clouser,* 5 Pa. Commonwealth Ct. 110, 114-15, 289 A.2d 525, 528 (1972); nevertheless, " 'where notice of a change of address is patently obvious, the taxing authorities are bound to take cognizance of such information and send notices accordingly.' " *Wyndmoor Estate, supra,* 13 Pa. Commonwealth Ct. at 480, 319 A.2d at 194.

The court below had before it an exhibit showing that, at least as early as March of 1974, the county assessment office and the township tax collector had records showing both a change of ownership and a subsequent change of address for the new owner.

In *Wyndmoor Estates, supra,* we further stated that:

We can think of no more obvious or readily available place to find an address, where, as here, a first notice has been returned, than in the county's own records of the assessment upon which the delinquent taxes were based.

*Id.*

Therefore, under these circumstances, the Bureau is chargeable with knowledge of Chevy Chase's change of address.[2]

The only new wrinkle in this case is that the property changed owners and then the new owner changed addresses. That both facts co-exist in this case makes no difference because we have no trouble concluding

---

[2] Appellant brings to our attention the fact that Chevy Chase had not one, but several address changes during the period in question. Because the Bureau never sent notice to the last address it can be charged with knowing, the many moves of Chevy Chase are irrelevant.

that the Tax Claims Bureau can be charged with knowledge of each of these facts.

There were no other delinquencies on that parcel for the year 1973 nor any delinquencies for any years subsequent to 1973.

As a guide to our basic approach, the Supreme Court, in *Ross Appeal*, said:

> The strict provisions of the Real Estate Tax Sale Law were never meant to punish taxpayers who omitted through oversight or error ... to pay their taxes. Tax acts were rather meant to protect the local government against wilful, persistent, longstanding delinquents for whom we hold no brief, and to whom the appellate court decisions have consistently given short shrift.

*Ross Appeal*, 366 Pa. at 107, 76 A.2d at 753.

This is clearly a case where the absence of deliberate, willful delinquency was obvious and a case where the Bureau would not have had to proceed through an endless search to find either the new owner or its correct address.

Finally, we note our agreement with the court below, that this proceeding may be validly founded upon a petition under Section 607 of the Law, attacking the tax *sale*, because, in view of the lower court's conclusion that proper notice under Section 308 was not provided, an attack on the validity of the tax *claim* under Section 314(e) of the Law is not required. *See: In Re Tax Claim Bureau of Lehigh County*, 37 Lehigh L.J. 17 (1976). *See also: Ross Appeal, supra.*

## ORDER

AND Now, this 26th day of January, 1979, the order and decision of the Court of Common Pleas of Northampton County at No. 47 October Term, 1975 C.M. is hereby affirmed.