Sarah M. Brown *v.* Barnes Real Estate Company.
Maggie Lewis *v.* Barnes Real Estate Company.
Sarah M. Brown and Maggie Lewis, Appellants.

Argued November 2, 1978, before Judges MENCER, DISALLE and CRAIG, sitting as a panel of three.

*Sanford S. Finder,* for appellants.

*Jay W. Troutman,* for appellee.

OPINION BY JUDGE CRAIG, July 26, 1979:

This action to quiet title, as to a tax sale property, involves so much confusion in the record, the lower court opinion and the briefs, as to the identity of the proper plaintiff-owner, that we have been able to determine the correct history only with considerable difficulty.[1]

On September 13, 1976, the Tax Claim Bureau of Washington County (Bureau) held a sale for delinquent 1974 taxes on property assessed in the name of a decedent, Susan Cathcart. She had died on January 19, 1975, and probate of her will resulted in a final decree and distribution of Orphans' Court on December 11, 1975, pursuant to which Sarah Brown became record owner of the house and lot in question, Lot 298 in the Muse Plan, Beech Street, Cecil Township; a probate certification was filed with us as a supplemental record, confirming that Sarah Brown was the owner. Appellee Barnes Real Estate Company was the tax sale purchaser.

As original plaintiff, Sarah Brown brought an action to quiet title, to have the tax sale set aside. During the trial, Maggie Lewis, another devisee under Susan

---

[1] As explained in our statement of facts, the probate and recorder of deed's records establish Sarah Brown as the current record owner, but the testimony, the lower court opinion and even plaintiff-appellant's brief all erroneously treat Maggie Lewis as the current owner of record of Lot 298.

Carthcart's will, and a daughter of the decedent, testified that she had lived in the house in question and that she was owner of that property.

The supplemental record filed with this court shows that she was mistaken in part. She lived on Lot 298, but she in fact had become the record owner of Lot 297, the house and lot adjoining the one sold at the tax sale.

However, at the trial, the trial judge ruled that the complaint could be amended to add Maggie Lewis as plaintiff, along with Sarah Brown, against the tax sale purchaser.[2]

The ultimate action of the court below apparently was to dismiss the complaints, as to both Sarah Brown and Maggie Lewis.

Plaintiffs' attorney concedes that the evidence would have been the same whether Sarah Brown or Maggie Lewis was properly the record owner or plaintiff.

The merits of the case turn upon the question of whether the Bureau complied with the notice requirements of Section 308 and 602 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§5860.308 and 5860.602.

Those sections of the law respectively require that notice of the claim and notice of the impending sale be sent to the "owner". Under Section 102 of the Law, 72 P.S. §5860.102, "owner" is first defined as the one in whose name the property is "last registered," which refers to a deed registry system. But Washington County does not maintain a deed registry. Hence, we

---

[2] Increasing the confusion is the claim of defendant-appellee that Maggie Lewis *replaced* Sarah Brown as plaintiff. The record transcript, however, clearly shows that the judge approved a request to *add,* not substitute, a party. We take that request and approval to be controlling even though the "Amendment to Complaint," subsequently filed, treats Maggie Lewis as the sole owner and does not mention Sarah Brown in its caption or elsewhere.

must heed *Ross Appeal,* 366 Pa. 100, 76 A.2d 749 (1950), which points out that deed registry is different from deed recording[3] and also states, as to the same Section 102:

> However, the legislature, evidently having in mind that not all the counties were subject to the deed registry laws apparently meant to provide for such counties in the last part of the definition by the language *'and in all other cases* [owner] means any person in open, peaceable and notorious possession,' etc., thus following the time honored precedents of bringing notice home to an owner of real estate by serving the terre tenant, or occupant or by posting the premises, than which there probably is no surer way of bringing home notice to an owner of seated lands. (Footnote omitted.) (Emphasis in original.)

366 Pa. at 104-05, 76 A.2d at 752.

Thus, here the "owner" entitled to notice means the person in possession, which was, according to the testimony, Maggie Lewis after all.

The evidence showed that the Section 308 notice of the tax claim, before the sale, was mailed in the name of "Susan Cathcart." It was apparently delivered to the Lot 298 address and accepted by the grandson of Maggie Lewis, who testified that she maintained her residence at this property, Lot 298, until September 15, 1976, after the actual tax sale was held.

As to notice of sale under Section 602, the lower court had before it an affidavit of posting of notice. Maggie Lewis testified she saw no posting. The resolution of that conflict was for the lower court, which relied upon the presumption of posting arising from

---

[3] Appellant's brief is in error in proceeding on the assumption that deed recording and deed registry are the same.

the affidavit.[4] However, a valid posting is not conclusive if mail notice is insufficient. *Watson v. Ciaffoni,* 385 Pa. 16, 122 A.2d 56 (1956).

As to the Section 602 mail notice,[5] it was also addressed to "Susan Cathcart" at the Lot 298 house. It was returned marked "Returned to Sender, Deceased." No evidence was presented as to whether or not this notice was delivered or refused. Maggie Lewis did, however, testify that she paid some taxes in subsequent years which continued to be sent in her deceased mother's name.

Although the evidence is conflicting, a failure to notify the Bureau of the name of the new record owner apparently occurred in the Office of the Recorder of Deeds when the final decree of Orphans' Court was presented for recording. Section 1 of the Act of April 22, 1929, P.L. 620, *as amended,* 16 P.S. §9781 requires that a certificate of residence accompany a deed presented for recording. That was never done; the deed was recorded.

That kind of breakdown is not one between the Bureau and the Assessment Office, or the Bureau and the local tax collector; hence this is not like the cases where we have previously found that knowledge somewhere in the tax collection system can be imputed to the Bureau. *See Merchants National Bank of Allentown v. Chevy Chase Investment Company,* 40 Pa. Commonwealth Ct. 159, 397 A.2d 836 (1979); *In Re: Return of Tax Sale by Indiana County Tax Claim Bu-*

---

[4] *Wheatcroft v. Schmid,* 8 Pa. Commonwealth Ct. 1, 301 A.2d 377 (1973).

[5] In *Hicks v. Och,* 17 Pa. Commonwealth Ct. 190, 331 A.2d 219 (1975), we found a tax sale invalid because the Section 602 newspaper advertisement was made in the name of the prior owner; however, the matter of newspaper advertisement of the sale has not been raised here.

*reau,* 39 Pa. Commonwealth Ct. 492, 395 A.2d 703 (1979).

We cannot extend the area of knowledge that can be charged to the Bureau to the Register of Wills or Recorder of Deeds. The Bureau is not required to search probate or deed records for owners, just as searches in street directories for proper addresses are not required. *Grace Building Co. v. Clouser,* 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972). Section 102 of the Law speaks of "registered" owners of the property and those in possession. It does not place any duties on the Bureau to search out "record" owners.

However, as noted above, the Bureau does have a duty with respect to the person in possession, as the "owner" under Section 102, *supra.*

Thus, given the facts here, the specific question under *Ross Appeal, supra,* is, where no deed registry exists, is the duty to notify the person in possession of the property satisfied by mailing notices to that location, but addressed in the name of the deceased former owner?

Looking at Section 602, as to notice of sale, we see that mailed notice must be given by "United States certified mail, *personal addressee only,* return receipt requested, to each owner *as defined by this act* and by posting. . . ." (Emphasis added.)

Although the section itself states that proof of receipt of notice is not required if notice was "given as prescribed by this section," it is clear that, in the absence of a deed registry system, notice is to be given to the person in possession as the "owner" defined by the act, Section 102, *supra.*

Here that was Maggie Lewis, but the mailed notice of sale, under Section 602, did not use her name as that of the "personal addressee only," which the section specifies be done.

Thus, although the identity of the person (the statutorily-defined "owner") in possession could have been ascertained with an effort of reasonable degree (as *Ross Appeal* indicates), that was not done; hence the notice was returned undelivered.

Thus, regardless of the validity or invalidity of the notice of claim and the posted notice, no valid mail notice of sale was given, and we must therefore find the sale invalid for want of proper statutory notice. *Ross Appeal, supra.*

We reverse and will remand for proceedings in accordance with this opinion.

### ORDER

AND Now, this 26th day of July, 1979 the order of the Court of Common Pleas of Washington County, dated December 20, 1977, in the action brought at No. 175 February Term, 1977, is reversed and this case is remanded for proceedings in accordance with the opinion herein.