In Re: Upset Sale, Tax Claim Bureau of Montgomery County, Pennsylvania, Held September 10, 1979. Robert Williams and Delores Williams, Appellants.

Argued June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Kingsley A. Jarvis,* for appellants.

*Maurice M. Green,* with him *Michael J. Sheridan,* for appellee.

OPINION BY JUDGE CRAIG, August 6, 1982:

Robert and Delores Williams, husband and wife, appeal an order of the Court of Common Pleas of

Montgomery County confirming the tax sale of real property they owned as tenants by the entireties. The Real Estate Tax Sale Law[1] (Tax Sale Law) governed the sale.

Emma Williams had owned the property here, located at 1003 Green Street, Norristown, Montgomery County, when she died on February 21, 1978. Her children, Joyce Williams and Robert Williams, were devisees of the property, one half each, and were co-executors of the estate.

Because the 1977 county, municipal and institutional district taxes were delinquent,[2] the county tax claim bureau (bureau), pursuant to Tax Sale Law Section 308,[3] sent a tax claim notice addressed to Emma Williams, at the Green Street address. This notice, postmarked May 15, 1978,[4] was returned unclaimed. On June 28, 1978, the bureau arranged that notice of the tax lien be posted on the property.

The record indicates that, by a series of deeds, all dated December 29, 1978, title to the property was transferred to Robert and Delores Williams, his wife. In June, 1979, Robert and Delores Williams' address ceased to be 618 Moore Street, Norristown, when they moved to 1003 Green Street.[5]

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

[2] The 1977 school taxes were paid.

[3] 72 P.S. §5860.308.

[4] The notice itself is dated June 1, 1978. The bureau director testified that all tax claim notices were dated June 1. The June 1 date is meaningless for our purposes because the record clearly shows that is has no relationship to the date the bureau actually mailed the notice.

[5] Because the 1978 school taxes were delinquent, the bureau, on May 17, 1979, pursuant to Section 308, mailed notice of this tax claim to Emma Williams at the Green Street address. When this notice was returned unclaimed, the bureau checked the property ownership records kept by the county tax assessment office and

Because the delinquent 1977 taxes were not paid by June, 1979, the bureau sent a single tax sale notice to "Robert and Dorlores Williams"[6] at "618 Morre Street,"[7] which notice was returned unclaimed. Two deputy sheriffs testified that the property was posted on August 20, 1979.

We must decide the following issues: Was the Section 308 claim notice for 1977 taxes mailed to Emma Williams at the proper address? Did the single tax sale notice, addressed to both Robert and Delores Williams, comply with the mailed notice requirements of the Tax Sale Law? Would prospective application of the rule in *Teslovich v. Johnson*, 486 Pa. 622, 406 A.2d 1374 (1979), violate the Williams' constitutional rights? Does the deputy sheriff's return of service provide an adequate basis for the common pleas court's finding that the tax sale notice was posted on the property?

---

discovered that Robert and Delores Williams were the new owners of the property. The bureau then mailed a single notice to Robert and Delores Williams at 618 Moore Road, Norristown, the address shown on the tax assessment office's records. Apparently, the post office forwarded this notice to the Green Street address where it was received by the Williams' son, who signed the return receipt. Robert and Delores Williams deny receiving actual notice and their son testified that he put the notice on a table where family mail was usually placed and forgot about it. Although unpaid 1978 taxes were necessarily included in the upset price, the notices relating to the 1977 tax claim are in dispute here.

[6] The record does not show when this notice was mailed. Although dated June 1, 1979, this notice was prepared and sent sometime after June 2, 1979, the date when the May 17, 1979 notice was returned.

[7] Appellants do not press the misspelling of the street name or Delores Williams' first name as significant errors. The bureau director testified that this notice was returned with notations, placed on it by the post office, which indicate that the notice was forwarded to the Green Street address. This notice is not in the record. Appellants do not contend that the Moore Street address was not their last known address for purposes of Tax Sale Law Section 602.

Section 308 requires that notice of a claim for delinquent taxes be sent to the property "owner"[8] at the owner's "last known address."[9] *Grace Building Co., Inc. v. Chester County Land Corp.*, 19 Pa. Commonwealth Ct. 269, 339 A.2d 161 (1975). For the purposes of the Section 308 notice for 1977 taxes, we decide that Emma Williams was the property owner because she was the last reputed owner.

Where notice is returned unclaimed and taxes for years subsequent to a delinquent tax have been paid, we have held that the bureau must contact the local tax collector for the purpose of discovering the owner's correct address. When the local tax collector has knowledge of the correct address, that knowledge will be imputed to the bureau and notice mailed to an incorrect address will not satisfy the notice provisions of the Tax Sale Law. *Clawson Appeal*, 39 Pa. Commonwealth Ct. 492, 395 A.2d 703 (1979).

There is evidence in the record which indicates that, in March, 1978, Joyce Williams paid the 1978 municipal taxes to the borough tax collector. Appellants have not, however, proved that the local tax collector knew the address for Emma Williams' estate

---

[8] "Owner" is defined at Tax Sale Law Section 102, 72 P.S. §5860.102, which provides, in pertinent part, as follows:
[T]he person in whose name the property is last registered, if registered according to law, and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property.

[9] Section 308, in pertinent part, provides:
[T]he bureau shall give notice of the return of said taxes and the entry of such claim to each delinquent taxable, by United States registered mail or United States certified mail, return receipt requested, postage prepaid, addressed to the owner personally at his last known post office address.

when the claim notice for 1977 taxes was mailed or that Joyce Williams advised the tax collector that she was paying borough taxes as executor of her mother's estate or even that Emma Williams was deceased.[10] The bureau is not required to search estate notices or probate and deed records for owners. *Brown v. Barnes Real Estate Co.*, 44 Pa. Commonwealth Ct. 439, 404 A.2d 437 (1979). Because the bureau had no notice, actual or imputed, of the address for the estate, we decide that the bureau sent the Section 308 claim notice for 1977 taxes to the proper address.

In *Teslovich*, our Supreme Court held that Tax Sale Law Section 602[11] requires separate and individual notice to each tenant by the entireties. The court, however, specifically directed that this construction be given only prospective effect, beginning thirty days after that decision was filed, November 22, 1979.

---

[10] At the deposition of Robert Williams, the following discussion occurred between Mr. Jarvis, the Williams' attorney, the purchaser's attorney Mr. Green and the witness, concerning that payment:

By Mr. Jarvis:
Q. Now, did your sister pay this tax bill? Do you know her signature?
A. It looks like it. It looks like her signature.
Mr. Jarvis: I'll offer these in evidence as a bill paid on March 1st, '78, by Joyce Williams to Nick Durante, Tax Collector, for Emma J. Williams, 1003 Green Street.
Mr. Green: Just complete it, if you will. Covering what?
Mr. Jarvis: Covering a period of time of tax bills for — not the bills in question. I'm not saying that, Mr. Green. It's covering taxes for the period ending 8/31. These are the borough taxes, I believe, for the year 1978.

We note that the tax bill described above is not in the record and the only indication of what the bill shows, aside from the purported signature of Joyce Williams, is derived from Mr. Jarvis's statement offering the document into evidence. Neither the borough tax collector nor Joyce Williams testified.

[11] 72 P.S. §5860.602.

Accordingly, we have refused to apply *Teslovich* retroactively. *See Stephens Appeal*, 53 Pa. Commonwealth Ct. 423, 419 A.2d 206 (1980).

The Williams argue that a prospective application of *Teslovich* would violate their constitutional rights under the Equal Rights amendment to the Pennsylvania Constitution.[12] We must follow the direction of the Supreme Court and prospectively apply the separate notice construction. *In Re Moskowitz*, 68 Pa. Commonwealth Ct. 29, 447 A.2d 1114 (1982).

Before *Teslovich*, in cases involving property owned by the entireties, we held that a single notice addressed to both husband and wife, who were living together, complied with the mailed notice requirements of Section 602. *Tax Claim Bureau v. Wheatcroft*, 2 Pa. Commonwealth Ct. 402, 278 A.2d 172 (1971). Hence the single tax sale notice here was valid.

Delores and Robert Williams testified that they did not see any notice posted on the property. The common pleas court found that deputy sheriff Turri filed a return of service which states that he posted notice of the impending tax sale on the property, on August 30, 1979.[13] Deputy Turri testified that he thought the house he posted was red brick. The Williams say it was painted white. Deputy sheriff Holland testified that he saw deputy Turri post the correct property and that the house was white. The common pleas court found that the property had been posted.

There is a *prima facie* presumption of the regularity of public official's acts. *Hughes v. Chaplin*, 389 Pa. 93, 132 A.2d 200 (1957). Facts stated in a sheriff's return of service, of which the sheriff has personal

---

[12] Pa. Const. art. I, §28.

[13] Neither the return of service nor the assessor's notice are in the record.

knowledge, are presumed to be true. *See Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965). This presumption is rebuttable and must yield if the evidence indicates the contrary. *Wheatcroft v. Schmid*, 8 Pa. Commonwealth Ct. 1, 301 A.2d 377 (1975). The resolution of the conflicting testimony here was for the trial court. *Brown* at 442, 404 A.2d at 439. We decide that the common pleas court did not ignore competent evidence.

Accordingly, we affirm.

### ORDER

Now, August 6, 1982, the order of the Court of Common Pleas of Montgomery County, Civil Action No. 79-21884, dated December 11, 1980, is hereby affirmed.

Judge WILLIAMS, JR. dissents.