In the Matter of Tax Claim Bureau Sale etc.

Ronald S. Pinto and Annie L. Pinto, his wife, Appellants.

Argued November 17, 1982, before President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Randall E. Zimmerman,* with him *Kenneth C. Myers, Barron & Zimmerman,* for appellants.

*Lawrence L. Newton,* for appellees, Gerald T. Cox and Nancy Cox.

*David A. Ody, Henry, Corcelius, Gates, Gill & Ody, P.C.,* for appellee, Huntingdon County Tax Claim Bureau.

OPINION BY JUDGE DOYLE, February 18, 1983:

This is an appeal by Ronald S. Pinto and Annie L. Pinto (Appellants) from an order of the Court of Common Pleas of Huntingdon County dismissing Exceptions and Supplemental Exceptions to a tax sale of

property number 42-06-14.15 in Shirley Township, Huntingdon County, Pennsylvania held on September 10, 1979. We affirm the order of the court of common pleas.

Appellants, husband and wife, were the owners of the 11.03 acre tract of land in Shirley Township, Huntingdon County. In December of 1975, they moved from an address in Darby, Pennsylvania to Glenolden, Pennsylvania and filed a change of address with the Postal Service so that their mail was forwarded for one year. Appellants did not advise the local tax collector in Shirley Township of the address change, but in paying their 1976 tax bill for the property, which had been forwarded by the Postal Service, their Glenolden address was included as a return address on the envelope.

Appellants did not receive forwarded tax bills for 1977 or 1978 and no taxes were paid. On November 3, 1979, Appellants visited the premises and discovered notices posted by the Huntingdon County Tax Claim Bureau (Bureau). Upon inquiry, they were informed that the property had been subjected to a tax sale on September 10, 1979. Appellants filed Exceptions and Supplemental Exceptions in an effort to void the sale. After a hearing, the court of common pleas dismissed the Exceptions and the September 10 tax sale was confirmed absolutely.

The records of the Bureau disclose that notices sent out to the Appellants were sent to the Darby address and misspelled their name.[1] Only one was ever forwarded. The record in the case also shows that notice of the impending tax sale was published in two newspapers of general circulation in Huntingdon County on August 17, 24, and 31, and on September 7,

---

[1] Several notices were addressed to either "Mr. or Mrs. Ronald S. Pinte" or "Mr. and Mrs. Ronald S. Pinte."

1979. While the first notice contained a misspelling of Appellants' name and listed an incorrect property number, the errors were corrected in all subsequent published notices.

The axiom that the notice provisions of the Real Estate Tax Sale Law (Tax Sale Law)[2] are strictly construed to guard against deprivation of property without due process of law is firmly entrenched. *Povlow Appeal*, 48 Pa. Commonwealth Ct. 435, 410 A.2d 376 (1980); *see Hess v. Westerwick*, 366 Pa. 90, 76 A.2d 745 (1950); *Ross Appeal*, 366 Pa. 100, 76 A.2d 749 (1950); *Clawson Appeal*, 39 Pa. Commonwealth Ct. 492, 395 A.2d 703 (1979).

Appellants argue that the misspelling of their name and errors in the property numbers were in violation of a strict application of the notice provision in the Tax Sale Law and made the notices mailed to them inadequate. The trial court found these errors to be irrelevant and we agree. The notices mailed to the Appellants failed to reach them and advise them of the tax delinquency because they were sent to the Darby address and returned. This was caused by the Appellant's failure to notify the taxing authorities of their new address.

Appellants argue that the use of the new address as a return address on the envelope used in paying the 1976 tax on the property was sufficient notice to the local tax collector. Notice to the tax collector of an address change will be imputed to the Bureau. *Appeal of Marra*, 40 Pa. Commonwealth Ct. 159, 397 A.2d 836 (1979); *Clawson Appeal*. The court of common pleas found that the use of the Glenolden address on the envelope was not adequate, standing alone, to inform the taxing authorities of the change of address. We agree.

---

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§58601.101-5860.703.

While the burden on taxing authorities to take notice of address changes is substantial, we decline to impose a duty on local tax officials to take notice of the return address on every envelope received with a tax payment, without additional communication from the taxpayer indicating that the address had changed. Indeed, as the trial court noted, it would be presumptuous of the tax collector to alter the tax records simply on the basis of a return address on the envelope.

Because the notice to the local tax collector was insufficient, we impute no notice to the Bureau. But Appellants urge that when the notices sent to the Darby address were returned undelivered, the Bureau was on inquiry notice to seek out the new address. The record shows that the Bureau contacted the local tax collector, the County Assessment Office, and the adjacent property owners in order to ascertain Appellants' whereabouts. The trial court noted that the Bureau exerted "greater effort than required" to obtain a correct address. The Bureau is not required to make endless searches in street and telephone directories. *Grace Building Co. v. Clouser*, 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972). In addition, the record shows that the property itself was posted with notices. Only after missing tax bills for two consecutive years did Appellants visit the premises in the third year to discover the notices.

Appellants further argue that the errors in the first published notice made that notice invalid and the subsequent notices were then within insufficient time before the sale to comply with the statute.[3] Since the subsequent published notices were sufficient to comply with the provisions of Section 602 of The Tax Sale

---

[3] Section 602 of the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.602. The notice provisions in Section 602 were significantly revised by the Act of July 10, 1980, P.L. 417.

Law,[4] we do not reach the issue regarding the errors in the first published notice. What the applicable statutory language required was publication once weekly for three consecutive weeks prior to the sale. The record shows publication for three consecutive weeks even if the first publication is excluded.

Appellants argue that the rules of statutory construction imply a requirement that the first valid publication precede the sale by twenty-one days. Section 602 of the Tax Sale Law does not so require. Resort to rules of statutory construction is appropriate only where there is ambiguity. *Feagley v. Huntingdon County Planning Commission,* 16 Pa. Commonwealth Ct. 520, 330 A.2d 281 (1974); *Eck v. Williamsport School District,* 197 Pa. Superior Ct. 591, 180 A.2d 79 (1962). We imply no requirement beyond the clear meaning of the statutory language.

Finally, Appellants urge that as tenants by the entireties, each should have been mailed notice under *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979). This argument is entirely without merit. The factual circumstances in that case were entirely different and *Teslovich,* by its terms, was prospective, and applicable only to notices issued after its date of decision, October 23, 1979. *Id.*

### ORDER

Now, February 18, 1983, the order of the Court of Common Pleas of Huntingdon County, dismissing Ex-

---

[4] Section 602 at that time provided in pertinent part:

Prior to any scheduled sale the bureau shall give notice thereof, once a week for three (3) consecutive weeks in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated bv the court for the publication of legal notices.

72 P.S. §5860.602.

ceptions and Supplemental Exceptions in the above referenced matter, and confirming the Tax Sale of property number 42-06-14.15 in Shirley Township, Huntingdon County, Pennsylvania on September 10, 1979 is hereby affirmed.