Michael Tracy et al. *v.* County of Chester et al.
Tom Swift, Robert E. Plank, Kenneth E. Plank
and Howard Boyd, Appellants.

Argued June 6, 1983, before Judges ROGERS, CRAIG
and MACPHAIL, sitting as a panel of three.

*Wayne C. Buckwalter, Cadmus, Patten, Werner
and Wood,* for appellants.

*Frank J. Williams, Hagner and Williams,* for appellees.

OPINION BY JUDGE CRAIG, August 12, 1983:

Tom Swift, Robert and Kenneth Plank, and Howard Boyd (Swift group) appeal from a decision and order of the Court of Common Pleas of Chester County setting aside as invalid a tax sale of property owned by Tyrone Development Company (Tyrone). We vacate the order of the trial court and remand for further proceedings consistent with this opinion.

We must decide under the Real Estate Tax Sale Law (Law)[1] if a new address printed on a check constitutes sufficient notice of a taxpayer's change of address, if local tax authorities must provide notice of a tax sale to partners whose names do not appear on tax records, if the failure to complete every item on a return receipt card voids the sale, if the sale price here was inadequate, and if the taxing authorities complied with the Law's posting requirement.

In December of 1974, Michael Tracy, Frank McCartan, and John McGarrigle, trading as Tyrone, purchased a parcel of unimproved real estate in the Borough of Downingtown, Chester County; Tyrone, a registered fictitious name, is not incorporated.

Bureau records listed Tyrone as owner of the property and John McGarrigle's residence, 22 Darby Road, Havertown, Pennsylvania, as the company's address. Tyrone did not pay county taxes assessed for 1975, as well as county and school taxes for 1976. Borough and school taxes for 1975 were paid by checks drawn on Tyrone's account, listing Darby Road as the company's address.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§5860.101-5860.803.

In the fall of 1975, Mr. McGarrigle withdrew from Tyrone, sold his interest to Messrs. Tracy and McCartan and moved from 22 Darby Road to 33 Ralston Avenue in Havertown; the Havertown post office forwarded mail to the new address for one year.

The trial court found that Tyrone paid borough taxes for 1976 with checks bearing the name ''Tyrone Development Co., 1003 Hunters Lane, Orland, Pa.'' Michael Tracy, who resides at Hunters Lane, signed the checks.

In 1976, the bureau mailed a delinquency notice, apparently for unpaid 1975 county taxes, to ''Tyrone Development Co. No Individual Named,'' at the Darby Road address. The post office forwarded the notice to the McGarrigle's residence, with delivery being made to Mrs. Ann McGarrigle. Mr. McGarrigle advised Mr. Tracy of the notice; Mr. Tracy, however, thought that the amount described in the notice was for taxes which he had recently paid.

On June 17, 1977, the bureau, by certified mail, sent notice of an impending tax sale to Tyrone at the Darby Road address. Never delivered, the notice was returned to the bureau bearing the legend, ''Returned to Writer—Forwarding Order Expired.''

The Swift group purchased the property at tax sale for $400. In March of 1978, Messrs. Tracy and McCartan filed a petition to set aside the sale, asserting that both the notice of sale and the sale price were inadequate.

The trial court, relying primarily upon *Clawson Appeal*, 39 Pa. Commonwealth Ct. 492, 395 A.2d 703 (1979), set aside the sale on the basis that the bureau failed to mail the notice of sale to Tyrone's ''last known post office address'' under section 602 of the Law.[2] The court reasoned that, by virtue of the new

2 72 P.S. §5860.602.

Hunters Lane address on the Tyrone checks, the tax collector should have realized that the company's address had changed; the court imputed this knowledge to the bureau. *See Appeal of Marra,* 40 Pa. Commonwealth Ct. 159, 163, 397 A.2d 836, 838 (1979) (county assessment office and township tax collector records showing both change of ownership and subsequent change of address for new owner renders tax collection bureau chargeable with such knowledge); *Clawson.*

The burden on taxing authorities to take notice of an address change is substantial. *Pinto Appeal,* 72 Pa. Commonwealth Ct. 218, 222, 455 A.2d 1294, 1296 (1983). The common pleas court erred,[3] however, by concluding that the mere sending of a check with a different typeset address—without more—constituted sufficient notice to the authorities of Tyrone's new business address.

In change-of-address cases where we have affirmed the setting aside of a tax sale because local taxing authorities ignored "ordinary modern common sense business practices," *Ross Appeal,* 366 Pa. 100, 106, 76 A.2d 749, 753 (1950), we have relied upon certain additional factors—not present here—to conclude that the authorities should have been on notice of a change. Thus, in *Clawson Appeal,* we charged a tax bureau with knowledge of a more recent address because the landowners not only hand-corrected the address on the printed legend of their check, but also called the local tax collector with information of the change, and continued to pay all local taxes due for two years

---

[3] *See Dawson v. Susquehanna County Tax Claim Bureau,* 64 Pa. Commonwealth Ct. 106, 109, 438 A.2d 1067, 1068 (1982) (trial court decision will not be disturbed on appeal absent proof of an abuse of discretion, a lack of supporting evidence, or clear error of law).

thereafter. 39 Pa. Commonwealth Ct. at 497, 395 A.2d at 705-06.

Similarly, in *Plank Appeal*, 69 Pa. Commonwealth Ct. 442, 451 A.2d 793 (1982), we affirmed the invalidation of a tax sale where the delinquent taxpayer had circled in red the address change on his check and included a note to the tax collector informing him of the change. We concluded that such notice "more than satisfied any obligation . . . to keep the tax authorities abreast of his current address." *Id.* at 446, 451 A.2d at 795.

In *Pinto Appeal,* however, where we affirmed a common pleas court's refusal to set aside a tax sale, we rejected a delinquent taxpayer's argument that the local tax collector had notice of a change in address by virtue of a new return address on an envelope. 72 Pa. Commonwealth Ct. at 222, 455 A.2d at 1296 (1983). "Without additional communication from the taxpayer," we declined to impose a duty on local tax officials to take notice of the return address on every envelope containing a tax payment. *Id.*

Without a change-of-address note or notation, *Plank,* a phone call, *Clawson,* or some other communication of the fact that there has been a *change,* a property owner cannot claim to have notified local tax authorities of a new address. We cannot void sales on the basis that tax authorities must compare the printed legend on every check with existing records, where the taxpayer has imparted no indication that a change has occurred.

As an additional ground for setting aside the tax sale, Messrs. Tracy and McCartan submit that the bureau should have sent notice of the sale, not merely to Tyrone but to them personally, as record owners of the property. We disagree. In *Boehm v. Barnes,*

63 Pa. Commonwealth Ct. 87, 437 A.2d 784 (1981), we held that, under section 308 of the Law, local authorities must provide separate notice to each partner whose name appears as an owner on the tax records. We noted, however, that a tax bureau has no obligation to notify silent partners or partners whose names do not appear on tax records. *See Brown v. Barnes Real Estate,* 44 Pa. Commonwealth Ct. 439, 404 A.2d 437 (1979) (authorities cannot be charged with information known to recorder of deed; bureau not required to search deed records for owners). Here, local tax records listed only Tyrone Development Company as owner, with no mention of either Tracy or McCartan. Finding *Boehm* equally compelling in section 601 cases, we conclude that the tax bureau followed ordinary modern common sense business practices, *Ross,* by sending notice of the sale to the only name listed as owner of the property in question.

The appellees also submit that we should affirm setting aside the sale because the bureau did not fill in the name of the company on the certified mail return receipt card. The statute provides that notice of sale shall be given by certified mail, personal addressee only, return receipt requested, postage prepaid. Here, the bureau mailed an envelope addressed to Tyrone at a cost of $.65, restricting delivery to ''Addressee Only, Return Receipt Requested.'' The bureau did all that is required by law. *Grace Building Co., Inc. v. Clouser,* 5 Pa. Commonwealth Ct. 110, 114, 289 A.2d 525, 528 (1972).

Citing *Hettler v. Shephard,* 326 Pa. 165, 191 A. 581 (1937), Messrs. Tracy and McCartan also contend that the sale should be set aside because the $400 purchase price is grossly inadequate when compared with the property's present market value of $9,000 to $10,000.

Relying upon *First Federal Savings and Loan Association v. Swift,* 457 Pa. 206, 321 A.2d 895 (1974) (statutorily satisfactory price must be obtained at sale conducted in accordance with law), our court distinguished *Hettler* as a sheriff's sale case and held that, as long as the upset price is bid, the sale may be consummated. *Lapp v. County of Chester,* 67 Pa. Commonwealth Ct. 86, 91, 445 A.2d 1356, 1358 (1982). The upset price is the sum of Commonwealth tax liens, outstanding tax liens and interest, tax judgments and interest, accrued taxes, municipal claims, and the costs of the sale.[4]

The appellees admit that the Swift group's bid covered taxes and costs; our review of the record verifies that the amount paid exceeded the upset price.

Finally, relying upon the testimony of a local grass cutter and adjoining property owner, Messrs. Tracy and McCartan contended that the sheriff never posted the property;[5] the deputy sheriff, however, identified affidavits of posting tax claim and tax sale notices and testified that he had an independent recollection of posting the property.

Because resolution of such conflicting testimony is for the trial court, *Williams Appeal,* 68 Pa. Commonwealth Ct. 180, 187, 448 A.2d 696, 700 (1982), we remand this case for a determination of whether the local authorities complied with the Law's posting requirement.

## ORDER

Now, August 12, 1983, we vacate the order of the Court of Common Pleas of Chester County which set aside as invalid a tax sale of property owned by Tyrone Development Company, and remand this case

[4] 72 P.S. §5860.605.
[5] 72 P.S. §5860.602.

for a determination solely of whether the local authorities posted the property under the Real Estate Tax Sale Law, and final decision pursuant to that issue alone.

Jurisdiction relinquished.