**In Re: Tax Claim Bureau Sales Of Real Estate For Unpaid Taxes For The Year 1980 for the Property of Daniel Paulus**

*Michael J. Farfield,* for petitioners.
*John G. Cipko,* for tax claim bureau.
*William B. Quinn,* for Eli Levine, Inc.

LAVELLE, *P.J.,* December 13, 1983—Before us are the exceptions and objections of Daniel R. Paulus (hereinafter exceptant) to the September 13, 1982 tax claim bureau sale of his property in Penn Forest Township. We entered a decree nisi confirming the September 13, 1982 sales of the tax claim bureau on December 2, 1982 and exceptant's objections were timely filed on December 20, 1982. On September 30, 1983, after hearing and arguments on the exceptions and objections, we sustained the exceptant's objections and vitiated the Tax Claim Bureau sale of his property. This opinion is filed pursuant to Pa.R.A.P. 1925(a).

## FACTS OF THE CASE

Exceptant purchased a parcel of land in Penn Forest Township identified in the Tax Assessor's Office of Carbon County as parcel no. 66A-51-D26 (hereafter D26). At the time he bought the land, exceptant resided at 52 South Street, Nazareth, Pa. Thereafter he moved to 34 N. Green Street in Nazareth and he notified the Carbon County Tax Assessor's Office of this change of address. Some time in 1979, he moved to 37 Cameron Street, Nazareth, Pa. When exceptant received his 1979 tax bill, he testified that he wrote on the duplicate of his tax bill

his new address (37 Cameron Street, Nazareth), crossed out the old address (34 N. Green Street, Nazareth) and sent the tax bill duplicate to the tax collector together with payment of his taxes. He never received another tax bill for D26.

In October of 1980, exceptant purchased another parcel of land in Penn Forest Township identified in the tax assessor's office as parcel no. 66A-51-E42 (hereafter E42). In 1980, exceptant received a tax bill at 37 Cameron Street for Parcel E42 and paid his taxes.

The tax claim bureau sent all pre-tax sale bureau notices to exceptant at 34 N. Green Street and said letters were returned to the Tax Claim Bureau *unclaimed.* Exceptant did not receive any notice letters from the tax claim bureau.

On September 13, 1982, parcel D26 was sold by the Carbon County Tax Claim Bureau to Eli Levine, Inc., for nonpayment of exceptant's 1980 and 1981 taxes.

## DISCUSSION

This case squarely raises the issue as to whether the tax claim bureau prior to a tax sale is required to send the statutory presale notices to the last known address of the taxpayer which is in the possession of the local tax collector. We hold that it does.

We are not unmindful that the tax claim bureau is under no statutory duty to search out and find the addresses of delinquent taxpayers. It is the taxpayer's duty and responsibility not only to pay his taxes, but to notify the proper authorities in the event his address changes. Grace Building Co. v. Clouser, 5 Pa. Commw. 110, 114, 289 A.2d 525, 528 (1972).

It has been held by the Commonwealth Court in a long line of cases that the burden on tax authorities to take notice of an address change is substantial

and that notice to the tax collector of an address change will be imputed to the bureau. Tracy v. County of Chester, 76 Pa. Commw. 334, 463 A.2d 1251 (1983); Appeal of Pinto, 72 Pa. Commw. 218, 455 A.2d 1294 (1983); Appeal of Marra, 40 Pa. Commw. 159, 397 A.2d 836 (1979); Clawson Appeal, 39 Pa. Commw. 492, 395 A.2d 703 (1979).

Notice of a delinquent tax claim and of a proposed sale must be sent to the property owners "at their last known address." 72 P.S. §5860.308, 5860.602.

In the case sub judice, the uncontradicted evidence of exceptant is that he notified the local tax collector in Penn Forest Township of his change of address to 37 Cameron Street in Nazareth. His new address was also printed on the legend on his personal check, which he sent to the tax collector to pay his 1979 taxes. Exceptant also testified that he gave notice to the postal authorities of his new forwarding address at 37 Cameron Street in Nazareth. The tax claim bureau offered no evidence to show how the taxpayer could better inform the taxing authorities of his change of address.

In Clawson Appeal, supra, the Commonwealth Court set aside a tax claim bureau sale on facts which were not as strong for vitiation as the instant case. In Clawson, the owners had purchased a 48-acre tract of land in Indiana County in 1971 while living in Harrisburg on Second Street. The local tax collector mailed the tax bills to the Second Street address and taxes were paid through 1974. In that year, the owners moved to Devon Drive in Harrisburg, notifying the postal service but failing to give notice to the tax authorities in Indiana County. Therefore, the 1974 tax bill was mailed to the old Second Street address but forwarded by the post office to the Devon Drive address. However, the 1975 tax bill was also sent to the old Second Street ad-

dress but not forwarded. The notice of claim and sale were sent to the old Second Street address and never being received by the owners, the land was sold to satisfy the deficient taxes. In setting aside the sale, the court stated, in language which we hold controls the instant case:

"Due process which by constitution must accompany every appropriation of private property includes a requirement of reasonable notice to the owner. It appears to us entirely appropriate that we should construe the statutory provision for mailing such notice to the owners' 'last known post office address' as meaning the last post office address in the possession of the local tax collector."

Here the local tax collector had the 37 Cameron Street address and we hold that the tax claim bureau must be charged with knowledge of that address for purposes of sending notices to the taxpayer prior to tax sale. The tax claim bureau's failure to notify exceptant at that address constitutes a fatal defect in the tax sale proceeding and the tax sale must be vitiated.

For the foregoing reasons, we issued our order of September 30, 1983.

---

*Editor's note:* This case was affirmed by the Commonwealth Court on February 19, 1985 on the basis of the above opinion.